**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **RAUL JOSE IBANEZ, 02890-748,** ) | |
|                     **Petitioner,** ) | |
| **v.** ) | **No. 3:11-CV-894-N** |
| ) | |
| **NURIA PRENDES, ET AL.,** ) | |
|                     **Respondents.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

Petitioner was in federal custody when he filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. He states Respondents have unlawfully ordered him removed from the United States. He seeks an order terminating removal proceedings and an order that he be allowed to return to Peru on his own without removal.

On July 11, 2011, Respondents filed a motion to dismiss the petition as moot. Respondents state Petitioner was removed to Peru on July 5, 2011. Petitioner has not filed a response. The Court therefore recommends that the petition be dismissed as moot.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2241 be dismissed with as moot.

Signed this 31st day of August, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).